UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON PATRICK PATTERSON,

        Plaintiff,

        v.                                        Case No. 25-cv-0283-bhl

W ANDREW VOIGT, et al,

        Defendants.

## SCREENING ORDER

On February 26, 2025, Brandon Patrick Patterson, proceeding without an attorney, filed this lawsuit against Judge W. Andrew Voigt, Judge Todd Helper, "Commissioner" Andrea Van Hoss, Clerk of Courts Julie Kayartz, "Deputy Clerk of Courts Katina," District Attorney Brenda Yaskal, Deputy Clerk Ashley Slater, Jail Captain Brian Kjorick, "Sergeant Firestone," "Deputy Cunningham," Sheriff Roger L. Brandner, Deputy Austin Nash, and the State of Wisconsin. (ECF No. 1.) Patterson's complaint alleges the Defendants violated a host of federal statutes. (*Id.*) With his complaint, Patterson also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Patterson's IFP motion and for the screening of his complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). Patterson's IFP application includes information about his finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 4). He represents that he is unemployed, unmarried, and he pays $1,000 per month in child support. (ECF No. 2 at 1.) He has no monthly income or expenses. (*Id.* at 2–3.) He filled in, but then crossed out, amounts owed for his mortgage, gas, and electric, and also indicated that he does not own a home. (*Id.* at 3.) Given that Patterson affirms that he is unemployed with no monthly income, the Court will allow him to proceed without paying the

filing fee. Patterson is warned that if, at any point, the Court determines that his allegations of poverty are untrue, his case will be dismissed.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must also screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Patterson's complaint alleges very few facts. At some point, someone issued a bond to some person or persons. (ECF No. 1 at 2.) It appears the bond related to the release of someone from jail and was sent to the receiving party through the mail, without a hearing being held. (*Id.* at 3–4.) The bond could be paid through a kiosk system controlled "by the Sheriff's Department." (*Id.* at 3.) Defendants "[c]oerced financial payments" from someone "through threats of continued detention." (*Id.* at 4.) Defendants also received $862 million in federal grant money for various state programs. (*Id.* at 3.)

## ANALYSIS

Patterson's allegations are insufficient to support a federal lawsuit. A complaint satisfies Federal Rule of Civil Procedure 8(a) when it provides a "short and plain statement of the claim showing that the pleader is entitled to relief" and provides a defendant with "fair notice" of the claim. *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), Patterson must plead facts sufficient to put each Defendant on notice of any claims against him or her. He has not done so: it is unclear what Patterson's injury is, what happened to result in his injury, and how each Defendant was personally involved in causing the injury.

Because Patterson is acting without help from a lawyer, the Court will allow him the opportunity to file an amended complaint that cures the deficiencies identified in this order. If he decides to proceed with an amended complaint, Patterson should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Patterson should set forth his allegations in short and plain statements, focusing on the *facts* of his case rather than abstract legal terms. He should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. And he should name as defendants *only* those specific individuals who are involved with the facts of his case. Patterson is advised that his amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint

and must be complete in itself, without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Patterson's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Patterson's Complaint, ECF No. 1, is **DISMISSED without prejudice**. If Patterson wishes to proceed with this lawsuit, he must file an amended complaint. An amended complaint must be filed with the Court on or before **April 21, 2025**. If the Court does not receive Patterson's amended complaint by that date, the case will be dismissed for his failure to prosecute pursuant to Civil L.R. 41(c).

Dated at Milwaukee, Wisconsin on March 20, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge